## In the Matter of Theodore J. JOHNSON.

## No. 64S00–0203–DI–185.

Supreme Court of Indiana.

Oct. 10, 2002.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the Respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** A client hired the respondent to represent her in a claim for damages arising out of a traffic accident. The respondent's written fee agreement with the client provided that the respondent would receive one-third of all amounts recovered by compromise. Because the driver who caused the accident and the vehicle he operated were uninsured, the insurance company covering the vehicle in which the client was a passenger agreed to pay the policy limits, $50,000, of its uninsured motorist policy. The respondent received the insurance company check, forwarded $20,000 to the client and retained the balance for himself. He did not provide the client with a written statement setting forth the amount of money he received or its distribution. Subsequently, the respondent twice failed to respond to the Commission's demand for a response to a grievance filed against him.

**Violations:** The respondent charged an unreasonable fee in violation of Ind. Professional Conduct Rule 1.5(a). The respondent violated Prof.Cond.R. 1.5(c), which requires a statement showing the disbursement to the client and its method of calculation. He violated Prof.Cond.R. 1.15(b) and 1.16(d), which require prompt payment to the client of funds in which the client has an interest and refunding any fee that has not been earned. Finally, the respondent violated Prof.Cond.R. 8.1(b), which provides that an attorney shall cooperate with the Commission's written demand for a response to a grievance.

**Discipline:** A suspension from the practice of law for one hundred eighty (180) days, effective November 16, 2002, without automatic reinstatement. The first sixty (60) days of the suspension shall be served as an executed suspension from the practice of law, and the remaining one hundred twenty (120) days shall be stayed, and the respondent shall be placed on probation for a period of two (2) years. When the respondent completes the first sixty (60) days of his suspension, he will be conditionally reinstated to the practice of law, subject the terms and conditions of his probation as specified in the Conditional Agreement. Should it be established that the respondent violates the terms of his probation, then the stay of the stayed one hundred twenty (120) days of his suspension will be vacated and the respondent will serve the remaining one hundred

twenty (120) days of his suspension, without automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Had this case been litigated, this Court would have imposed a harsher sanction, but in light of the agreed resolution and the fact that the respondent has provided restitution to the client, we accept the agreed sanction. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.